IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**ROBERT N. CHAMBERS, JR.**                                          **PLAINTIFF**

**VERSUS**                                          **CAUSE NO. 1:23-cv-00118-SA-DAS**

**AMERICAN FAMILY ASSOCIATION, INC.,**
**AFA ACTION, INC., WALKER WILDMON,**
**and LEXIE HILL WILDMON**                                          **DEFENDANTS**

                                                                               **JURY TRIAL DEMANDED**

## FIRST AMENDED COMPLAINT

This is an action to recover damages because of Plaintiff's termination as a result of opposing sexual harassment, a practice which is unlawful under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000, *et seq.* This First Amended Complaint is filed in order to simplify the allegations in the original Complaint, Doc. 1, to eliminate many of the theories of recovery in the original Complaint and to add the legal theory of malicious interference with employment. The following facts support this action:

1.

Plaintiff ROBERT N. CHAMBERS, JR. is an adult resident citizen of 2301 Saint Andrews Drive, Belden, Mississippi 38826. Until his illegal discharge, Chambers was employed jointly by the corporate Defendants, American Family Association, Inc. and AFA Action, Inc. (collectively "AFA Defendants").

2.

Defendant AMERICAN FAMILY ASSOCIATION, INC. ("Defendant AFA, Inc.") is a Mississippi non-profit corporation and an employer within the meaning of the Civil Rights Act of 1964.

Defendant AFA ACTION, INC. ("Defendant AFA Action") is a Mississippi non-profit corporation and an employer within the meaning of the Civil Rights Act of 1964. Defendant AFA Action carries out the political objectives of Defendant AFA, Inc. Defendant AFA Action utilizes funds raised by Defendant AFA, Inc. to carry out its political objectives.

Defendant WALKER H. WILDMON is an adult male citizen of Lee County, Mississippi. At all relevant times, Defendant Walker Wildmon served as Vice President of Operations of Defendant AFA, Inc. and CEO and Member of the Board of Defendant AFA Action.

Defendant LEXIE HILL WILDMON is an adult female resident citizen of Lee County, Mississippi. Defendant Lexie Wildmon is the spouse of Defendant Walker Wildmon. Defendant Lexie Wildmon is also employed by both AFA Defendants. Defendant Lexie Wildmon's job title was administrative assistant.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, civil rights jurisdiction under 28 U.S.C. § 1343, and jurisdiction under the jurisdictional provisions of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq*. This Court has supplemental jurisdiction over Plaintiff's state law claims against Defendants Walker Wildmon and Lexie Wildmon. Defendants Walker Wildmon and Lexie Wildmon are not sued for federal violations, but only for state law violations.

4.

American Family Association, Inc. and AFA Action are controlled and managed by the same persons, primarily by the Wildmon family of Tupelo, Mississippi. Defendant AFA, Inc. engages in fund-raising for the political activities of Defendant AFA Action, Inc. The overall goal of Defendants is to elect to public office the most conservative Republican candidates and to promote the most conservative Republican policies, especially an opposition to homosexuality.

5.

The events which Defendants claim caused Plaintiff's termination were acts taken in Plaintiff's capacity as a joint employee both AFA Defendants. Plaintiff was denominated as being a "volunteer," for Defendant AFA Action, Inc., but this designation was given for tax purposes and did not change fact that he was, in reality, a joint employee of both AFA Defendants. Plaintiff could not work for the AFA Defendants unless he "volunteered" to work for AFA Action.

6.

At all relevant times, Plaintiff was a Vice President of Defendant AFA, Inc., and was also employed as Executive Vice President by Defendant AFA Action.

7.

On January 27, 2022, Plaintiff suffered a homosexual assault and battery by Ron Cook, an employee of the radio division of Defendant AFA, Inc. Cook grabbed and rubbed Plaintiff's ear and stated, "[n]ow you don't want me to get ahold you," "[y]ou'd like me take you and get ahold of you," and "[y]ou'd really like that, wouldn't you?" The combination of the homosexual assault and the comments was distressing to Plaintiff, and Plaintiff filed a written grievance on the same date he was sexually assaulted. *See* AFA Employee Grievance Form Dated January 27, 2022, attached hereto

as Exhibit "A." Despite Plaintiff's inquiries, weeks went by and Plaintiff heard nothing about his grievance.

8.

Plaintiff engaged Defendants' general counsel on multiple occasions between January and June 2022 in order to complain about Ronald Cook's behavior, and ask whether any action was being taken in response to Plaintiff's formal complaint against Cook.

9.

In June 2022, Plaintiff asked Defendants' general counsel for a report on the status of his sexual harassment complaint, but received no meaningful response.

10.

While Plaintiff's grievance of sexual harassment was still pending, in early September 2022, Plaintiff suffered from a different type of sexual harassment. This sexual harassment was carried out by Lexie Wildmon, who is the wife of Walker Wildmon, a Vice President of Defendant AFA, Inc., and the Chief Executive Officer of Defendant AFA Action, Inc. Formally, Defendant Lexie Wildmon was Plaintiff's subordinate, but since Lexie Wildmon is a member of the Wildmon family, she actually had the ability to control and interfere with Plaintiff's employment. Defendant Lexie Wildmon informed Plaintiff that she had a dream that Plaintiff was kissing her baby on the lips. Lexie Wildmon stated she would never again bring her baby to work, and accused Plaintiff of being a threat to the "sexual innocence of children." Lexie Wildmon told Plaintiff that she had told co-workers and her husband about her dream and had told them that Plaintiff was a threat to the sexual innocence of children. In effect, Lexie Wildmon admitted that she was spreading false claims that

-4-

Plaintiff is a pedophile. Defendant Lexie Wildmon even told Plaintiff she would no longer bring her minor child to the office.

11.

On September 22, 2022, Plaintiff's complaint about the sexual harassment by Ron Cook was finally the subject of a meeting. Attendees included Walker Wildmon, Buddy Smith, a Vice President of Defendant AFA, Inc., and Plaintiff. During the meeting, Walker Wildmon and Smith told Plaintiff that Cook had admitted touching Plaintiff's ear and had apologized, and this "should be enough." Plaintiff expressed dissatisfaction with failure to take remedial action regarding the sexual advance by Cook, and then complained about the sexual harassment that had just been carried out against him by Lexie Wildmon.

12.

Very shortly after Plaintiff complained about the sexual harassment by Defendant Lexie Wildmon with her harassing complaints about a "dream" of sexual misconduct by Plaintiff, her husband, Defendant Walker Wildmon, became visibly upset and announced the meeting was over. Defendant Walker Wildmon never further addressed either Plaintiff's opposition to the sexual harassment by Cook or the sexual harassment of Plaintiff by his wife.

13.

On the same day, September 22, 2022, and only approximately six (6) hours after Plaintiff had expressed his opposition to the failure to take any action regarding the sexual advances by Cook or with respect to the sexually harassing complaints made by Defendant Lexie Wildmon, and while Plaintiff was driving to Jackson, Ed Vitagliano, Executive Vice President of AFA, called Plaintiff and told him that he was discharged. Vitagliano refused to discuss the matter, except to deny that

Plaintiff's reporting of the two (2) incidents of sexual harassment were the reasons for his discharge. Vitagliano claimed that it was company policy not to discuss the reasons for an employee's discharge. When Plaintiff complained that his discharge was the result of his ongoing opposition to the sexual assault by Ron Cook and of the sexual harassment by Defendant Lexie Wildmon, Vitagliano advised that the timing between Plaintiff's complaints and discharge was "coincidental."

14.

Subsequently, when Plaintiff filed an EEOC charge, the AFA Defendants denied that Plaintiff's opposition to the two (2) instances of sexual harassment was the reason for the discharge, and claimed that Plaintiff was discharged because of disrespect to management and/or disrespect to an employee of iVoterGuide, a division of Defendant AFA Action, Inc. Plaintiff had not been disrespectful to management of Defendants or to the employee of IVoterGuide, a division of Defendant AFA Action, Inc. In fact, Plaintiff was discharged because of his opposition to what he reasonably believed were violations of Title VII of the Rights Act of 1964. Adverse employment action because of such opposition is illegal under 42 U.S.C. § 2000e-3(a).

15.

The AFA Defendants specifically maintained a policy that "[f]or problems other than major infractions. . . [an] employee [would] normally be verbally counseled about the problem, first, with the intent of clearing up any misunderstanding and establish behavior expected in the future." Employee Handbook, § 6.2. No such corrective action was raised with, or undertaken against Plaintiff.

16.

Defendant Walker Wildmon and Lexie Wildmon are in positions to control Plaintiff's employment. Defendant Walker Wildmon is the grandson of the founder of the American Family Association, has the title of vice president of operations for AFA and CEO and member of the board of AFA Action, Inc. The Wildmon family, especially Defendant Walker Wildmon, controls the American Family Association, Inc., and both AFA Defendants are a single employer. Because Defendant Lexie Wildmon is married to Defendant Walker Wildmon, she has the ability to control Plaintiff's employment.

17.

Defendants Walker Wildmon and Lexie Wildmon, jointly, maliciously interfered with Plaintiff's employment. Specifically, Defendant Lexie Wildmon made sexually harassing claims both to Plaintiff and other employees, that she had a "dream" that Plaintiff had engaged in kissing her minor child on the lips, and she stated that she was afraid to bring her minor to the workplace. Defendant Walker Wildmon ratified Defendant Lexie Wildmon's sexually harassing comments about Plaintiff when he caused Plaintiff to be terminated immediately following Plaintiff's complaints about the sexually-harassing comments made by his wife, Defendant Lexie Wildmon.

18.

Defendant Lexie Wildmon made, and Defendant Walker Wildmon maliciously caused, Plaintiff to be fired because he complained about Defendant Lexie Wildmon's comments. This represented a malicious and intentional interference with employment by Defendants Walker Wildmon and Lexie Wildmon.

19.

Plaintiff, therefore, sues and alleges as follows:

**Count I:** Defendants American Family Association, Inc. and AFA Action, Inc. are the same employer, and they acted jointly to discharge Plaintiff because Plaintiff had opposed the sexual harassment by Cook and because Plaintiff had opposed the sexual harassment by Defendant Lexie Wildmon.

**Count II:** Individual Defendants Walker Wildmon and Lexie Wildmon are jointly liable to Plaintiff for the Mississippi law tort of malicious interference with employment, which caused Plaintiff's wrongful termination.

20.

As a result of Plaintiff's discharge, Plaintiff has suffered lost income, damage to reputation, and mental anxiety and stress. The actions of Defendants in purporting to oppose deviate sexual behavior, while firing Plaintiff because he opposed sexual harassment, is outrageous, such that punitive damages should be awarded.

21.

Plaintiff has filed an EEOC charge, attached hereto as Exhibit "B," and received the right to sue letter, attached hereto as Exhibit "C."

## REQUEST FOR RELIEF

Plaintiff requests actual and punitive damages in an amount to be determined by a jury, for reinstatement, and for reasonable attorneys' fees, costs and expenses.

RESPECTFULLY SUBMITTED, this the 3rd day of January, 2025.

            ROBERT N. CHAMBERS, JR., Plaintiff

      By: */s/ Jim Waide*
         Jim Waide, MS Bar No. 6857
         waide@waidelaw.com
         Rachel Pierce Waide, MS Bar No. 100420
         rpierce@waidelaw.com
         WAIDE & ASSOCIATES, P.A.
         Post Office Box 1357
         Tupelo, MS 38802-1357
         (662) 842-7324 / Telephone
         (662) 842-8056 / Facsimile

         Donald W. Medley
         medleylaw@bellsouth.net
         DONALD W. MEDLEY, ATTORNEY
         P.O. Box 1724
         Hattiesburg, MS 39403
         (601) 544-8110/Telephone

         ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

This will certify that undersigned counsel for Plaintiff has this day filed the above and foregoing with the Clerk of the Court, utilizing this court's electronic case data filing system (CM/ECF), which sent notification of such filing to the following:

**Pope S. Mallette, Esq.**
**John Andrew Mauldin, Esq.**
**Mayo Mallette PLLC**
**5 University Office Park**
**2094 Old Taylor Road**
**Suite 200**
**Oxford, MS 38655**

DATED, this the 3rd day of January, 2025.

                                                */s/ JIM WAIDE*
                                                JIM WAIDE